SMOOT v. DYE.

*A.* sold to *B.* a judgment, *B.* agreeing to discharge a debt of *A.* to *C.* in part payment. *C.* assented to the arrangement, released *A.*, and afterwards recovered a judgment against *B.*, in his own name, for the debt. *A.* afterwards sued *B.* for the identical money which *B.* had thus agreed to pay *C.* *Held,* that the suit would not lie.

ERROR to the *Delaware* Circuit Court.

*Tuesday, November 23.*

Assumpsit by *Dye* against *Smoot* for an alleged unpaid balance upon the sale of a judgment. Recovery by the plaintiff. The case turns upon the evidence. The point will be understood from the following statement:

*Dye* sold a judgment to *Smoot*, received a certain amount in payment, and required *Smoot*, in addition to said amount, to pay a certain fee claimed by *Jeremiah Smith*. *Smoot* agreed to pay said fee to *Smith*. Failing to do it with sufficient promptness, *Smith* sued him in his (*Smith's*) name, in assumpsit, for said fee, and recovered below. *Smoot* brought that case to this Court, where the judgment below was affirmed on the ground that the evidence showed that *Dye* had released and *Smith* accepted *Smoot* for the debt in question; and that, therefore, *Smith* could recover it of *Smoot* in his own name.

This suit is now prosecuted by *Dye*, in his name, to recover from *Smoot* the sum that had been transferred to and recovered by *Smith*. Regarding the arrangement between *Dye*, *Smoot*, and *Smith*, as a transfer of *Dye's* claim on *Smoot* to *Smith*, by the concurrence of the three, *Dye* possesses no legal right to sue in this case, and, the money having been once recovered by *Smith*, it is surely unjust that it should be again recovered by *Dye*. On this point we reverse the case upon the evidence.

The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore* and *T. J. Sample*, for the plaintiff.
*J. S. Buckles* and *W. March*, for the defendant.